**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSE I. SANTANA,

          Plaintiff-Appellant,

 and

DAVID VASQUEZ,

          Plaintiff,

  v.

COUNTY OF YUBA; et al.,

          Defendants-Appellees,

 and

CITY OF MARYSVILLE; et al.,

          Defendants,

  v.

ARNOLD SCHWARZENEGGER,

          Movant.

No.    19-17505

D.C. No.
2:15-cv-00794-KJM-EFB

MEMORANDUM*

On Appeal from the United States District Court
for the Eastern District of California
Kimberly Mueller, District Judge, Presiding

---

          *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 27, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

Jesse I. Santana filed several claims against the County of Yuba, Yuba County District Attorney Patrick McGrath, and other County officials (hereinafter, collectively "County Appellees"), Judge Julia Scrogin, and Timothy Evans, alleging that they had conspired to derail his bid for a county judgeship by investigating and prosecuting him for several crimes without probable cause. The district court granted Judge Scrogin's motion to dismiss and granted County Appellee's motion for summary judgment on all of Santana's claims. Santana appeals the dismissal and the grant of summary judgment on his claims of malicious prosecution, conspiracy to maliciously prosecute, and "stigma plus" defamation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly dismissed the claims against Judge Scrogin on the ground of judicial immunity because Santana failed to show that Judge Scrogin's alleged acts in furtherance of the conspiracy were nonjudicial. *See Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986).

---

** The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

2. The district court correctly granted summary judgment in favor of the County Appellees on Santana's malicious prosecution and conspiracy to maliciously prosecute claims. Santana argues that the County Appellees were motivated to maliciously prosecute him on account of his race. But even viewing the evidence in his favor, no reasonable jury could conclude that the County Appellees' actions were racially motivated. Therefore, Santana's malicious prosecution claim fails. *Awabdy v. City of Adelanto*, 368 F.3d at 1062, 1066 (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

The district court did not abuse its discretion in finding Evans's and McGrath's statements, as relayed in Joseph Griesa's notes and testimony, inadmissible under Federal Rules of Evidence 801(d)(2)(E). Without Griesa's notes and testimony, Santana offers no other evidence to support the existence of an alleged conspiracy.[1]

3. The district court correctly granted summary judgment in favor of the County Appellees on the "stigma plus" defamation claim. Santana failed to establish a "stigma plus" claim because he could not show that the injury to his reputation caused by McGrath's post-acquittal statement to the press (1) "was

---

[1] The County Appellees argue that certain of Santana's claims were barred by the statute of limitations because some of the Yuba County District Attorney's charges against him were not picked up by the Attorney General after they were dismissed. Because summary judgment was properly granted, we need not address this argument.

inflicted *in connection* with deprivation of a federally protected right" or (2) "*caused* the denial of a federally protected right." *Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006). Santana cannot establish a "stigma plus" defamation claim because a diminished ability to secure a judgeship is not a denial of a federally protected right. *Blantz v. Cal. Dep't. of Corrs. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013) (holding that stigmatizing statements are not a deprivation of liberty unless they bar someone from all employment in his field); *see Clemente v. United States*, 766 F.2d 1358, 1365 (9th Cir. 1985) (holding that employee did not have liberty interest in a career with Air Force Civil Service specifically). To the extent Santana tethers his "stigma plus" defamation claim to the theory that he was prosecuted on account of his race, his claim fails because the district court properly granted summary judgment for the County Appellees on the malicious prosecution claim. Because Santana's "stigma plus" claim does not survive under either prong, we need not address the parties' remaining arguments as to this claim.

      **AFFIRMED.**